1 | MARK D. PETERSON (State Bar #126174)
2 | KATHLEEN O. PETERSON (State Bar #124791)
  | CATES PETERSON LLP
3 | 4100 Newport Place, Suite 230
  | Newport Beach, CA 92660
4 | Telephone: (949) 724-1180
  | Email: markpeterson@catespeterson.com

5 | Attorneys for Plaintiff
  | ST. PAUL FIRE AND MARINE
6 | INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation, | ) Case No. 2:17-cv-7845 |
|---|---|
| Plaintiff, | ) **COMPLAINT FOR:** |
| v. | ) **(1) EQUITABLE CONTRIBUTION OF DEFENSE COSTS IN UNDERLYING ACTION;** |
| SEQUOIA INSURANCE COMPANY, a California corporation; and DOES 1 through 30 inclusive, | ) **(2) EQUITABLE CONTRIBUTION OF SETTLEMENT PAYMENT IN UNDERLYING ACTION.** |
| Defendants. | ) |

Plaintiff, St. Paul Fire and Marine Insurance Company, alleges as follows:

## GENERAL ALLEGATIONS

### Introduction

1. Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") and defendant Sequoia Insurance Company ("Sequoia") insured the same policyholders in sequential years. The insureds were sued in a lawsuit that each insurer was obligated to defend. St. Paul defended and settled on the insureds' behalf. Sequoia did neither. St. Paul sues Sequoia for equitable contribution, return of the portion of the defense fees, costs, and expenses and of the settlement sum which St. Paul paid which Sequoia should have paid.

### Jurisdiction and Venue

2. Plaintiff St. Paul is now, and at all relevant times was, a corporation existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. St. Paul is, and at all relevant times was, an insurance carrier eligible to do business and doing business as an insurer in the State of California.

3. St. Paul is informed and believes and on that basis alleges that defendant Sequoia Insurance Company ("Sequoia") is a corporation existing under the laws of the State of California, with its principal place of business located in the State of California. St. Paul is further informed and believes and on that basis allege that Sequoia is, and at all times relevant was, an insurance carrier eligible to do business and doing business as an insurer in the State of California.

4. Defendants "Does" 1 through 30, inclusive, are other insurance companies which insured the same policyholders and who are obligated to pay St. Paul the sums described below. They are sued here by these fictitious names because St. Paul is unaware of their true names. St. Paul will amend this complaint to reflect

their true names they are known.

5. As used here, defendants Sequoia and the "Doe" defendants arecollectively referred to as "Defendants."

6. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds $75,000 and represents insured defense fees, costs and expenses and the settlement payment made by St. Paul in connection with the defense of and settlement for the insureds under certain policies of insurance issued to the parties' common insureds in connection with the underlying action. This Court has diversity jurisdiction because plaintiff St. Paul is domiciled in Connecticut and the defendants are domiciled in California.

7. This court has personal jurisdiction over the parties because: (a) St. Paul transacts its insurance business in California, with significant and continuing contacts in California, (b) this lawsuit arises out of an insurance contract sold by St. Paul in California, and (c) Defendants operated their businesses continuously in California.

8. Venue is proper in this District under 28 U.S.C. § 1391(b), (c) and (d) because St. Paul and Defendants, including Sequoia, have sufficient contacts to be subject to personal jurisdiction within this district and thus are residents of this district under 28 U.S.C. § 1391(d). Moreover, a substantial part of the events which are the subject of the claims asserted here took place in this judicial district.

**The Underlying Action**

9. Jon Edwards ("Edwards") was named as a defendant in *Baumgardner v. Edwards*, Los Angeles County Superior Court Case No. EC060707 ("the Underlying Action"). Edwards filed a cross-complaint and an amended cross-complaint in

which he named NRG Recording Services, Inc., Jay Baumgardner ("Baumgardner"), Deanna Baumgardner and Annette Scott as cross-defendants.

10. Edwards alleged that he and Baumgardner had an agreement to manufacture and distribute patented coffin-shaped guitar cases through Casecore, LLC, a company in which Edwards and Baumgardner had equal ownership interests. Coverage for the claims asserted in the cross-complaint are what is at issue here.

11. Edwards alleged that Baumgardner misappropriated more than $2 million from Casecore and Edwards, paid NRG Recording Services' employees with Casecore funds, and used Casecore funds to pay NRG Recording Services' bills and Baumgardner's personal expenses.

12. Edwards also alleged that on several occasions Baumgardner provided false and misleading information to potential investors to deter them from investing in Casecore by creating the false impression that Casecore owed more money than it actually owed and was less profitable than it actually was.

13. Edwards alleged that Baumgardner provided this false and misleading information to prevent investors from investigating further into Casecore and from discovering Baumgardner's misappropriation from Casecore.

14. Edwards alleged, for example, that on or around March 28, 2011, Baumgardner provided false and misleading financial statements financial statements and information to a prospective investor named Kuzaki, including false representations regarding various loans and debts Casecore allegedly owed Baumgardner, and false representations regarding Edwards' capital account in the company.

15. Based on this alleged conduct, Edwards asserted causes of action against the cross-defendants there for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unfair competition, and intentional interference with prospective

economic advantage, among other claims.

## The St. Paul and Sequoia Insurance Coverage

16. St. Paul issued consecutive general liability insurance policies to NRG Recording Services, Inc., Deanna Baumgardner & Jay C. Baumgardner Trustees of the John W Baumgardner Trust Deed [sic] Dated & Amended 09/23/83 ("the Insureds"), effective May 29, 2012--May 29, 2013 and May 29, 2013—May 29, 2014 (the "St. Paul Policies").

17. The St. Paul Policies provides in relevant part:

We'll pay amounts any protected person is legally required to pay as damages for covered personal injury that

- results from your business activities; and
- is caused by a personal injury offense committed while this agreement is in effect.

18. The St. Paul Policies defines a "personal injury offense" to include "making known to any person or organization covered material that disparages the business, premises, products, services, work or completed work of others." The policy further states: "*Covered material* means any material in any form of expression, including material made known in or with any electronic means . . . ."

19. St. Paul alleges, on information and belief, that Sequoia issued the Insureds consecutive general liability insurance policies in the years prior to the St. Paul Policies, effective at least for terms beginning September 1, 2010 and September 1, 2011; there may be others (collectively the "Sequoia Policies").

20. On information and belief, the Sequoia Policies required Sequoia to defend and indemnify an insured as against any suit which seeks damages for "personal and advertising injury" caused by an offense arising out your business, but only if the offense was committed during the policy period. Based on information

and belief, "personal and advertising injury" is defined as "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

**Tender / Defense / Refusal by Sequoia to Participate / Settlement by St. Paul**

21. The Insureds requested coverage under the St. Paul Policies for the cross-claims asserted against them in the Underlying Action. St. Paul provided a defense.

22. NRG's broker and St. Paul both tendered the Underlying Matter to Sequoia. Sequoia did not respond to either tender.

23. St. Paul paid $450,000 to settle the claims against the Insured in the Underlying Action. Sequoia refused to participate at all.

## FIRST CLAIM FOR RELIEF:
## EQUITABLE CONTRIBUTIONOF
## DEFENSE COSTS IN UNDERLYING ACTION

24. St. Paul incorporates the allegations of paragraphs 1 through 23 as if set forth in full here.

25. St. Paul alleges that, under the terms and conditions of the Sequoia Policies, Sequoia had a duty to defend the Insureds in the Underlying Action given that the damages asserted in the cross-complaint in the Underlying Action fall within the scope of coverage afforded by the Sequoia Policies.

26. On information and belief, Sequoia had a duty to defend the Insureds because the Underlying Action sought damages for the personal injury offense of "oral or written publication, in any manner, of material that slanders and libels a person or organization or disparages a person's or organization's goods, products or services" that took place during the policy periods of the Sequoia Policies.

27. Sequoia breached its duty to defend by failing to respond to the tender and

1  failing to defend the Insureds in the Underlying Action.

2  28. As a result of Sequoia's failure to defend the Insureds, St. Paul was forced to pay more than its share of the fees, costs, and expenses of the defense.

4  29. An actual, present, and justiciable controversy has arisen and now exists between and among St. Paul and Defendants, concerning their respective rights, duties and obligations owing to the Insureds in connection with the Underlying Actions, under the policies of insurance described here. That controversy requires a declaratory and monetary judgment of this Court:

    a. Declaring that Sequoia Insurance Company (and the other defendants) had a duty to defend the Insureds, NRG Recording Services, Inc., Jay Baumgardner and Deanna Baumgardner, against the cross-complaint filed in the Underlying Action, *Baumgardner v. Edwards*, Los Angeles County Superior Court Case No. EC060707;

    b. Declaring that, in equity, Sequoia (and the other defendants) owe St. Paul half of the amounts St. Paul paid to defend the Underlying Action;

    c. Awarding St. Paul half of the defense fees, costs, and expenses St. Paul paid in connection with the Insureds' defense in the Underlying Action.

18  30. Declaratory relief is appropriate and necessary and the Court should exercise its jurisdiction over this matter because St. Paul has no other plain, speedy, and/or adequate remedy at law.

21  31. For the reasons stated above, St. Paul requests that the Court enter an order and judgment consistent with St. Paul's requests.

# SECOND CLAIM FOR RELIEF:
# EQUITABLE CONTRIBUTION OF
# SETTLEMENT PAYMENT IN
# UNDERLYING ACTION

32. St. Paul incorporates the allegations of paragraphs 1 through 23 as if set forth in full here.

33. St. Paul alleges that, under the terms and conditions of the Sequoia Policies, Sequoia had a duty to indemnify the Insureds for the cross-claims stated against them in the Underlying Action given that the damages asserted in the cross-complaint in the Underlying Action fall within the scope of coverage afforded the Insureds by the Sequoia Policies.

34. On information and belief, Sequoia had a duty to indemnify the Insureds because the Underlying Action sought damages for the personal injury offense of "oral or written publication, in any manner, of material that slanders and libels a person or organization or disparages a person's or organization's goods, products or services" that took place during the policy periods of the Sequoia Policies.

35. Sequoia breached its duty to indemnify by failing to respond to the tender and failing to contribute to the settlement of the Underlying Action.

36. As a result of Sequoia's failure to participate in the settlement of the cross-claims asserted against the Insureds in the Underlying Action, St. Paul was left, alone, to settle them, which it did, for $450,000.

36. An actual, present, and justiciable controversy has arisen and now exists between and among St. Paul and Defendants, concerning their respective rights, duties and obligations owing to the Insureds in connection with the Underlying Actions, under the policies of insurance described here. That controversy requires a declaratory and monetary judgment of this Court:

a. Declaring that Sequoia Insurance Company (and the other defendants) had a duty to indemnify the Insureds, NRG Recording Services, Inc., Jay Baumgardner and Deanna Baumgardner, against the cross-complaint filed in the Underlying Action, *Baumgardner v. Edwards*, Los Angeles County Superior Court Case No. EC060707;

b. Declaring that, in equity, Sequoia (and the other defendants) owe St. Paul an equitable share, and no less than half, of the $450,000 St. Paul paid to settle the Underlying Action;

c. Awarding St. Paul an equitable share, and no less than half, of the $450,000 St. Paul paid to settle the Underlying Action.

38. Declaratory relief is appropriate and necessary and the Court should exercise its jurisdiction over this matter because St. Paul has no other plain, speedy, and/or adequate remedy at law.

39. For the reasons stated above, St. Paul requests that the Court enter an order and judgment consistent with St. Paul's requests.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff St. Paul prays for an order and declaratory and monetary judgment against each of the Defendants as follows:

**First Claim For Relief: Equitable Contribution of Defense Costs In Underlying Action**

1. For a declaration that Sequoia Insurance Company (and the other defendants) had a duty to defend the Insureds, NRG Recording Services, Inc., Jay Baumgardner and Deanna Baumgardner, against the cross-complaint filed in the Underlying Action, *Baumgardner v. Edwards*, Los Angeles County Superior Court Case No. EC060707;

2. For a declaration that, in equity, Sequoia (and the other defendants) owe

St. Paul half of the amounts St. Paul paid to defend the Underlying Action;

3. For a monetary judgment awarding St. Paul half of the defense fees, costs, and expenses St. Paul paid in connection with the Insureds' defense in the Underlying Action;

**Second Claim For Relief: Equitable Contribution Of Settlement Payment In Underlying Action**

4. For a declaration that Sequoia Insurance Company (and the other defendants) had a duty to indemnify the Insureds, NRG Recording Services, Inc., Jay Baumgardner and Deanna Baumgardner, against the cross-complaint filed in the Underlying Action, *Baumgardner v. Edwards*, Los Angeles County Superior Court Case No. EC060707;

5. For a declaration that, in equity, Sequoia (and the other defendants) owe St. Paul an equitable share, and no less than half, of the $450,000 St. Paul paid to settle the Underlying Action;

6. For a monetary judgment awarding St. Paul an equitable share, and no less than half, of the $450,000 St. Paul paid to settle the Underlying Action;

**All Claims**

7. For prejudgment interest;

8. For costs of suit; and

9. For all other relief which the Court finds just and proper.

Dated: October 26, 2017

                                                      Respectfully submitted,

                                                      */s/ Mark D. Peterson*
                                                  MARK D. PETERSON
                                                  Of CATES PETERSON LLP
                                                  Attorneys for Plaintiff
                                                  ST. PAUL FIRE AND MARINE INSURANCE COMPANY

COMPLAINT FOR EQUITABLE CONTRIBUTION